Swindle vs. Brooks.

The objection to the certificate urged here in argument was, that it was the act of one surgeon only, instead of the Board of surgeons provided for by law. Whether or not Dr. Powell was a member of the Board, is not shown by the record, but he was treated as such in the argument before this Court.

POTTLE, for plaintiff in error.

F. H. MILLER, for defendant.

LUMPKIN, C. J.

H. A. SWINDLE, plaintiff in error, vs. LT. A. A. BROOKS, defendant in error.

As the act of Congress entitled "An Act to put an end to the exemption from military service of those who have heretofore furnished substitutes," is constitutional, it follows, that one who had put in a substitute, is not entitled to his discharge from the custody of the commanding officer of the Company into which he had volunteered to avoid conscription under that Act.

*Habeas Corpus.* Decided by JUDGE FLEMING. At Chambers. February 1864.

On the 22d of February 1864, Swindle, representing himself as a citizen of Liberty County, aged 28 years, applied to Judge Fleming for a writ of *Habeas Corpus,* to be directed to Lt. Brooks and other officers of company E., 20th Battalion, commanded by Lt. Col. Millen. He alleged in his petition, that on the 4th of July 1862, he put into the army of the Confederate States, agreeably to law, an able bodied substitute not liable to conscription, who was still in the army, and doing regular military duty; that, nevertheless, Lt. Brooks and these other officers now unjustly held him, the petitioner, in their company, and compelled him, against his will and contrary to law, to perform military service. He averred that his detention was unlawful, and prayed that the cause of it might be examined into.

The writ was issued on the same day of the application, and was made returnable before Judge Fleming three days thereafter.

At the hearing, the body was produced, and Lt. Brooks made a return, setting up that the petitioner was a duly enlisted soldier; that he voluntarily joined the company in January 1864, and had received clothing, rations, &c. The following evidence was then introduced, all of it by the petitioner:

1st. A certificate, signed by William Hughes, jr., as captain of the " Liberty Guards," and dated July 4th, 1862, which declared that Jacob B. Moody, then over forty-five years of age, had been received and mustered into that company as a substitute for private Henry A. Swindle; that all legal regulations had been complied with ; and that Swindle was thereby relieved from duty, and from further service in the army of the Confederate States.

2d. A witness testified that he had known Moody in military service, in Capt. Hughes' company, for a year or more; that he had seen him within the last ten days marching

with his company to Florida; that he was an able bodied man, and a good soldier; that witness believed him to be over fifty years old, and had heard him say several times that he was fifty-two. Another witness stated that he had been acquainted with Moody from early boyhood, and had no doubt he was over fifty.

3d. A copy of General Orders No. 3, dated, "Adjutant & Inspector General's Office, Richmond, January 9th, 1864." This order prescribed regulations for enforcing the Act of Congress of January 5th, 1864, terminating all exemptions theretofore granted on account of substitution. It required the persons embraced in this Act to report as volunteers or as conscripts, without delay, to the enrolling officer, and declared that all who delayed beyond the first of February, would be considered as having renounced the privilege of volunteering, and would be held for assignment according to law. It gave to volunteers the privilege of selecting any company, not already full, which was in service on the 16th of April 1862; it provided for issuing to each volunteer a certificate of his being such, and forbade his reception into any company unless upon such certificate. And it declared that all, whether volunteers or conscripts, would pass through the Camp of Instruction of the State to which they belonged, and be forwarded thence to the companies selected, or to which they might be assigned. It contained still other provisions, but they need not be here recited.

4th. A certificate, signed by John O. Perry, as sub-enrolling officer of Liberty County, and dated January 26th, 1864, which declared that Swindle, the petitioner, had volunteered in Col. Millen's Battalion, and had complied with the law allowing men who had furnished substitutes to volunteer by the first of February 1864.

5th. Lt. Brooks testified that Swindle volunteered on the 22d of January, as one who had put in a substitute, and upon the ground that if he did not volunteer, he would be conscribed into some other company that he did not like; that he was regularly mustered in, though not sworn in, and

had received rations and clothes, but had not passed through the Camp of Instruction according to orders from the Adjutant and Inspector General. John O. Perry, the sub-enrolling officer, testified, that under verbal orders from the District Enrolling officer, he demanded of Lt. Brooks, about the 12th of February 1864, the surrender of Swindle, on the ground that he had not passed through the Camp of Instruction according to law; that the order was, to take him before the district officer that he might be forwarded to the Camp of Instruction; and that Brooks refused to give him up. Dr. Denmark, Swindle's father-in-law, testified, that the latter volunteered with great reluctance; that he conversed with the witness in relation to going, and said the enrolling officer had been after him, that if he did not volunteer he would be conscripted and carried off under orders from the military authorities. The witness knew, that but for these orders, he would not have volunteered.

Judge Fleming, upon these facts, held that Swindle was legally detained, and remanded him accordingly.

The bill of exceptions alleges error in this decision, and asserts substantially, the following propositions :

1st. That the substitute being over 50 years of age, able, bodied, and still in service, the Government could have no claim upon Swindle, so long as the men over fifty were not called for.

2d. That there was a contract with Swindle, when he put in the substitute, which the Government could not violate until the substitute was called for.

3d. That though Swindle volunteered as proven, it was under the compulsion of orders issued by the Government, and Brooks held him contrary even to *military* law.

In the Supreme Court, the case was submitted without argument.

GAULDEN, for plaintiff in error.

Swindle vs. Brooks.

LYON, J.

The applicant, Henry A. Swindle, previously to the 4th of July 1862, was a private in "The Liberty Guards," a company in the military service of the Confederate States, and on that day put into that company and the military service as a substitute for himself, one Jacob B. Moody, who was received as such, and the applicant discharged from duty and further service in the army of the Confederate States.

After the passage of the act of the Confederate Congress of 5th January 1864, putting an end to exemptions heretofore granted on account of substitution, the applicant, solely to avoid conscription into a company or service more objectionable to him, volunteered as a private in company E., 20th Battalion of the Confederate army, commanded by Lieut. Col. Millen, and became thereby a regularly enlisted member of that company, having complied with the law allowing those who had furnished substitutes to volunteer by the 1st of February 1864, as appears by the certificate of John O. Perry, sub-enroling officer of Liberty county.

Perry, the sub-enroling officer, acting under verbal orders from the district enroling officer, subsequently demanded of Lieut. Brooks, of company E., 20th Battalion, the surrender of the applicant to him as enrolling officer, on the ground, that he had not passed through the camp of instruction in compliance with General Orders No. 3, regulating the mode of putting into the military service those who had furnished substitutes, etc., and this demand had been refused, whereupon the applicant, Swindle, sued out this writ of *habeas corpus*, and upon the hearing of the facts, insisted upon his discharge.

1st. That as he had furnished a substitute in compliance with the provisions of the conscript act of —— 1862, and been discharged from all further military service in the army of the Confederate States, that any attempt to conscribe

him now, under the act of Congress, of January 5th, 1864, was illegal.

2d. That he was entitled to his discharge from the custody of the commanding officer of company E., 20th Battalion, because he had volunteered into that service solely under the advice and belief at the time, that if he did not, he would be subject to conscription; which was a misapprehension of fact and of his rights and therefore void.

The right to a discharge, on the first ground, involves the constitutionality of the act of Congress of January 5th, 1864, entitled "An act *to put an end to the exemption from military service of those who have heretofore furnished substitutes*," and as that question has been already heard and determined, affirmatively, in *Darly and Fitzgerald vs. Harris*, tried at Macon, in March last, it must be, so far as this Court is concerned, at least, as *res adjudicata*.

The second ground depended altogether on the first; because, if the applicant *was* liable to conscription under this act, in case he did not avail himself of the right to volunteer, as he undoubted was, his enlistment was not made under any misapprehension of fact or of his right, but was valid and binding on him, and so we hold.